* * * * * * * * * * *
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence or to rehear the parties or their representatives, the Full Commission affirms the Amended Opinion and Award and Arrest Order of the Deputy Commissioner.
 * * * * * * * * * * *
Based upon all of the competent evidence adduced from the record and the reasonable inferences therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Deputy Commissioner George Hall, III, filed an Amended Opinion and Award on 12 April 2004, which found Plaintiff sustained a compensable injury, as a result of which Defendant owed temporary total disability compensation in the amount of $4,989.16, permanent partial disability benefits in the amount of $11,005.50, and payment for outstanding medical expenses incurred in the amount of $1,382.17 to Wake Medical Center. The Amended Opinion and Award also compelled Defendant to pay Plaintiff's reasonable attorney's fees in the amount of $4,000.00. To date, Defendant has not paid any of these sums.
2. In the 12 April 2004 Amended Opinion and Award, Deputy Commissioner Hall assessed a civil penalty against Defendant in the amount of $4,900.00 for failure to maintain workers' compensation insurance and a civil penalty under N.C. Gen. Stat. § 97-94(d) in the amount of $17,376.83. To date, Defendant has not paid any of these penalties.
3. The 12 April 2004 Amended Opinion and Award also assessed $120.00 in court costs against Defendant. To date, Defendant has not paid this sum.
4. Defendant did not appeal the 12 April 2004 Amended Opinion and Award.
5. The 12 April 2004 Amended Opinion and Award remains in effect, and the purpose of the Order may still be served by compliance.
6. On 23 July 2004, Plaintiff's counsel filed a Motion for Order to Show Cause, reciting the above non-compliance by Defendant.
7. On 29 October 2004, Chief Deputy Commissioner Stephen T. Gheen filed an Order for Defendant to appear before a Deputy Commissioner on 10 November 2004, to show cause as to why he should not be held in civil contempt for willful failure to comply with the 12 April 2004 Amended Opinion and Award.
8. Chief Deputy Commissioner Gheen's Order was issued to Defendant by U.S. Registered Mail and via hand-delivery. Despite proper notice, Defendant failed to appear at the Show Cause Hearing as ordered on 10 November 2004. Defendant further failed to contact the Commission with any request for continuance of this matter prior to the hearing date.
9. Defendant has not complied with the 12 April 2004 Amended Opinion and Award or with the 29 October 2004 Order to appear to Show Cause as to why he should not be held in civil contempt.
10. The purpose of these Orders may still be served by compliance.
11. Defendant's non-compliance with valid Commission Orders is willful.
12. Defendant is able to comply with the Commission's Orders.
13. Defendant is in civil contempt due to his failure to comply with the 12 April 2004 Amended Opinion and Award and the 29 October 2004 Commission Order.
14. Plaintiff has incurred reasonable attorney's fees in the amount of $400.00 in attempting to gain Defendant's compliance with valid Commission Orders.
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact, the Full Commission concludes the following:
 CONCLUSIONS OF LAW
1. Once a Show Cause Order has been issued, the moving party may not withdraw the matter. The Industrial Commission has an independent interest in ensuring its Orders are followed. Defendant may purge himself of contempt prior to the hearing.
2. Defendant is not in compliance with the prior Commission Orders and has not taken steps to cure the contempt. N.C. Gen. Stat. § 97-80(g) and N.C. Gen. Stat. §§ 5A-21 through 5A-25.
3. Plaintiff is entitled to a ten percent penalty on past due benefits, pursuant to N.C. Gen. Stat. § 97-18.
4. Plaintiff is entitled to have Defendant pay his reasonable attorney's fees.
 * * * * * * * * * * * ORDER
1. Defendant is in contempt of valid Commission Orders.
2. Defendant shall pay to Plaintiff's attorney an attorney's fees of $400.00 for reasonable expenses incurred to gain Defendant's compliance with the prior Commission Orders.
3. Defendant shall pay Plaintiff the sum of $4,989.16 in past due temporary total disability benefits, plus a ten percent penalty for late payment or $498.92, for a total of $5,488.08.
4. Defendant shall pay Plaintiff the sum of $11,005.50 in past due permanent partial disability benefits, plus a ten percent penalty for late payment or $1,100.55, for a total of $12,106.05.
5. Defendant shall pay the sum of $1,382.17 to Wake Medical Center for outstanding medical expenses incurred, plus a ten percent penalty for late payment in amount of $138.22, for a total of $1,520.39.
6. Defendant shall pay Plaintiff's counsel the sum of $4,000.00 in past due attorney's fees as ordered in the prior Opinion and Award.
7. Defendant shall pay a civil penalty of $4,900.00 for failure to timely pay and for failure to comply with N.C. Gen. Stat. §97-94(b) and a civil penalty in amount of $17,376.83 under N.C. Gen. Stat. § 97-94(d).
8. Defendant shall pay the Commission the prior court costs of $120.00, and shall pay $200.00 in costs related to the Show Cause hearing, for a total of $320.00.
9. IT IS HEREBY ORDERED that the Granville County Sheriff's Department shall ARREST Defendant Larry Pleasants, located at 574 Woodland Church Road, Youngsville, North Carolina 27596-7716, and place him in the Granville County jail. He is to remain there until he pays Plaintiff Billy Marshall, 1576 Sid Mitchell Road, Youngsville, NC 27596 the sums of $5,488.08 in temporary total disability and $12,106.05 in permanent partial disability; the sum of $1,520.39 to Wake Medical Center, 3000 New Bern Avenue, Raleigh, NC 27610; Plaintiff's counsel, Brian J. Kromke, Hardison Leone, PO Box 27843, Raleigh, NC 27611, the sum of $4,400.00; civil penalties to the Industrial Commission, Dobbs Building, 430 N. Salisbury Street, Raleigh, NC 27611, in the amount of $22,766.83; and costs to the Industrial Commission in the amount of $320.00. Plaintiff shall remain in jail until he purges himself of contempt by paying the amounts specified above or until 90 days have expired.
This the __ day of July 2006
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/__________ THOMAS BOLCH COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER